UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| RONALD JORDAN #125764, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-261 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA CARUSO, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants DeJong, Phillipson and Caruso. The Court will serve the complaint against Defendants Chrysler, Schooley, Alexander, Niemi, Laitinen, Govern, Niemisto, Bergh, Schroeder, Riley, Barsch, Contreras, Olger, McBurney, and Konrad.

**Discussion**

    I.      Factual allegations

Plaintiff Ronald Jordan #125764, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, MDOC Employee Christopher Chrysler, MDOC Employee Scott Schooley, Assistant Deputy Warden James Alexander, Resident Unit Manager Steven Niemi, Grievance Coordinator Michael Laitinen, Case Manager Fred Govern, Resident Unit Manager Ken Niemisto, Former Warden David Bergh, Classification Director S. Schroeder, Chaplain Gerald Riley, Administrative Assistant Ann Barsch, Inspector J. Contreras, Guard D. Olger, Resident Unit Manager D. McBurney, Guard T. DeJong, Resident Unit Manager C. Konrad, and Case Manager L. Phillipson.

    In his complaint, Plaintiff alleges that he is African American and is Jewish. Plaintiff claims that his religious beliefs require him to attend weekly Sabbath services, but that such services are not available at LMF. Plaintiff states that it is possible for him to attend weekly services via videoconference equipment, but that Defendants Caruso, Bergh and Riley refuse to consider such an option. Plaintiff also claims that Jewish law forbids the performance of any work on the Sabbath, but that he is required to work on Saturdays in violation of his beliefs.

    Plaintiff alleges that on March 4, 2008, Defendant Olger searched Plaintiff's property and confiscated numerous items as being "not allowed in Level V" despite the fact that Plaintiff possessed the items while in Level V custody at the Marquette Branch Prison (MBP). Plaintiff received a hearing on April 2, 2008, and Defendant McBurney found that all items were determined

to be contraband per the notice of intent written by Defendant Olger. Plaintiff claims that this was a denial of his due process rights.

Plaintiff claims that on March 27, 2008, Defendant DeJong confiscated three bags of coffee creamer from Plaintiff, stating that they were combustible. Plaintiff was issued a notice of intent. Plaintiff claims that he was allowed to possess creamer while at MBP. On April 1, 2008, Plaintiff received a hearing and Defendant Phillipson affirmed that 3 bags of creamer are not allowed due to the combustibility of the material. Plaintiff claims that this was a denial of his due process rights.

Plaintiff contends that on March 4, 2008 Defendant Olger confiscated a folder containing 43 photos from Plaintiff's legal property. Plaintiff states that the photos were part of the police investigation file related to Plaintiff's 1982 criminal conviction. Plaintiff states that he had been in the process of researching and preparing a motion for relief from judgment from his criminal conviction based upon the use of these photos at his trial. Plaintiff claims that without the photos, he is unable to complete and file his motion for relief from judgment. Plaintiff states that MDOC Policy Directive 04.07.112, allows prisoners to possess such photographs. According to the complaint, on March 6, 2008, Defendant Contreras issued a notice of intent to divest Plaintiff of the photos, stating:

> While reviewing incoming property, it was observed that prisoner Jordan was in possession of a homemade type photo album (43 pictures). This album consisted of a crime scene, injuries to victim and the autopsy.
>
> Per PD-05.03.118, Section HH, states the following pose such risks within a correctional facility under all circumstances and therefore shall be rejected: #16. Official photographs of a victim at a crime scene or deplicting [sic] injuries to a victim sustained as a result of a

crime that were taken for purposes of criminal investigation or prosecution. This includes photographs of the autopsy of a victim.

Plaintiff states that the policy relied on by Defendant Contreras is the prison mail policy. On April 2, 2008, Defendant McBurney conducted a hearing and Plaintiff provided a written statement that the materials were authorized legal materials and had never been in the mail to be affected by the mail policy. Plaintiff explained that the materials were necessary for completing his motion for relief from judgment. Defendant McBurney arbitrarily deprived Plaintiff of his photographs. Plaintiff sent a letter of complaint to Defendant Caruso, to no avail. Plaintiff also filed a grievance and appealed the denial to step III.

Plaintiff alleges that for the past 15 years, he has been screened at level II custody, but has been departed to level V maximum security on the pretext that he is an escape risk based on a 1985 misconduct conviction for conspiracy to escape. Plaintiff states that Defendants Chrysler, Schooley, Govern, Alexander, Niemi, Laitinen, Barsch, Niemisto, Konrad, McBurney and Phillipson have all approved the increased security level, stating that Plaintiff is an escape risk. Plaintiff alleges that these same Defendants have all recommended White prisoners with histories of two or more escapes or attempted escapes for lower security levels. Plaintiff states that the following White prisoners were placed in reduced security despite extensive escape histories: 123622 Bowman, 171661 Cole, 122571 Collins, 171612 Coblaze, 156641 O'Brien, 164271 Jenson, 186762 Larkin, 136985 Ashley, 145861 Mithrandir, 197382 Stanfill, 184089 Siminski, 156290 Coyle, 148692 Jakupaj, 158249 Loukas, and 111984 Hoffman. Plaintiff claims that such conduct violates his equal protection rights.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Olger, McBurney, DeJong and Phillipson improperly confiscated his property and coffee creamers as being contraband. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part* by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due-process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Mitchell v. Fankhauser*, 375 F.3d 477, 483-84 (6th Cir. 2004). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th

Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112 ¶ II(B). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a); *see Green v. State Corrections Dep't*, 192 N.W.2d 491 (Mich. 1971) (state liable for tortuous injury sustained by a sentenced convict at the Detroit House of Correction). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claims regarding the confiscation of property will be dismissed.

In addition, liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S.

at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims

cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Caruso was personally involved in the activity which forms the basis of his claim.  Defendant Caruso's only role in this action involves the denial of administrative grievances or the failure to act.  Defendant Caruso cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).  Accordingly, the Court concludes that Plaintiff's claims against Defendant Caruso are properly dismissed for lack of personal involvement.

However, the court determines that Plaintiff's free exercise claims against Defendants Bergh, Schroeder and Riley, his access to courts claims against Defendants Olger, Contreras and McBurney, and his equal protection claims against Defendants Chrysler, Schooley, Govern, Alexander, Niemi, Laitinen, Barsch, Niemisto, Konrad, McBurney and Phillipson are nonfrivolous and may not be dismissed upon initial review.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants DeJong, Phillipson and Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Chrysler, Schooley, Alexander, Niemi, Laitinen, Govern, Niemisto, Bergh, Schroeder, Riley, Barsch, Contreras, Olger, McBurney, and Konrad.

An Order consistent with this Opinion will be entered.


Dated:  December 5, 2008            /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE