UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD JORDAN,

        Plaintiff,

v.

PATRICIA CARUSO, et al.,

        Defendants.
_____/

File No. 2:08-cv-261

HON. ROBERT HOLMES BELL

## **O P I N I O N**

On March 22, 2011, Magistrate Judge Timothy P. Greeley issued two orders (Dkt. Nos. 152, 153) granting in part and denying in part Plaintiff's motions to compel defendants to produce documents and answer interrogatories (Dkt. Nos. 139). The matter is now before the Court on Plaintiff's appeal from the Magistrate Judge's orders. The Court reconsiders a Magistrate Judge's decision when the decision is shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Plaintiff's first objection is that the Magistrate Judge failed to consider whether the Defendants' responses to Plaintiff's interrogatories are invalid because the attorney of record failed to sign them as required by Rule 26(g). While it is true that the Magistrate Judge did not address this issue, it is clear from Plaintiff's own appeal that Defendants' counsel promptly sent a copy signed by the attorney of record upon learning of the deficiency. (Dkt. No. 154 at 3; Dkt. No. 145 at 3.) Plaintiff's argument that the responses are invalid under Rule 26(g) because the Defendants sent two copies of their responses (one signed by the

Defendants, the other by Defendants' counsel) rather than one copy signed by both is without merit. When a party is represented, Rule 26(g) only requires the signature of at least one attorney of record. The copy of Defendants' responses signed by Defendants' counsel satisfies the Rule 26(g) requirement.

Plaintiff's second objection is that the Magistrate Judge erred by ruling that parties may object to discovery requests without first moving for a protective order. Plaintiff persists in a misreading of Rule 37 which was raised in his initial motions and was correctly addressed by the Magistrate Judge in his orders. (Dkt. Nos. 152, 153.) A party may not fail to act upon a discovery request unless first seeking a protective order, Rule 17(d)(2), however, an objection is a proper response to a discovery request. Rule 33(b)(3-4); Rule 37(d)(1)(A).

Plaintiff's third objection is that the Magistrate Judge should not have ruled that Plaintiff's motion to compel the production of documents was overly broad and burdensome in the absence of a supporting affidavit by Defendants. (Dkt. No. 154 at 3-4.) While an affidavit is often required to establish that a request is overly burdensome, the Magistrate Judge was not clearly erroneous in ruling that Plaintiff's request is overly broad and burdensome on its face. Plaintiff requested all basic information sheets, misconduct hearing reports, security screen forms, and transfer orders for all Caucasian prisoners with misconduct convictions for escape, conspiracy, or attempt to escape, possessing escape equipment, or homicide between January 1, 1990, and January 1, 2010, a period of 20 years.

Plaintiff explains that he intends to show that Caucasian prisoners situated similarly to himself were placed in lower security levels than Plaintiff.  While this would be a relevant use of information, Plaintiff has not demonstrated that the extreme breadth of the request is necessary, especially as Plaintiff has identified a number of specifically named Caucasian prisoners who could illustrate Plaintiff's point.  (Dkt. No. 152 at 2.)  Furthermore, while Defendants did not submit an affidavit, their response to Plaintiff's motion to compel does address the overly broad scope of the request and raises security concerns associated with releasing inmate information to Plaintiff, who is currently serving two life sentences for murder, one of which involved the killing of a fellow inmate during incarceration. (Dkt. No. 145 at 2-3.)

Plaintiff's third objection is to the Magistrate Judge's finding that the employment history and employment related litigation history of the defendants are not relevant to this lawsuit.  Plaintiff argues that this information could potentially lead to admissible evidence of personal racial bias relevant to his claim.  The Magistrate Judge gave no supporting reason why employment histories or employment related lawsuits could not lead to admissible evidence.  The Court does not see how a complete employment history for each defendant is relevant to Plaintiff's suit.  However, it is plausible that the litigation history of the defendants could lead to the discovery of admissible evidence.  In response to Plaintiff's motion, Defendants argue that character evidence is not admissible to prove conduct under Rule 404 of the Federal Rules of Evidence.  (Dkt No. 145 at 4.)  However, Federal Rule of

3

Civil Procedure Rule 26(b)(1) states that requested information need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Prior employment litigation history could potentially reveal admissible evidence. A blanket denial of Plaintiff's motion to compel Defendants to answer this question without a supporting rationale is clearly erroneous. Therefore, Defendants will respond to Plaintiff's question number 3.

Plaintiff's fifth objection is to the Magistrate Judge's finding that Defendants' answers to interrogatories 15-17 were appropriate. (Dkt. No. 152 at 3.) Plaintiff argues that, since Defendants' responses to those questions were objections, not answers, that they can not be appropriate. However, as previously discussed, an objection is a valid response to an interrogatory. By deeming Defendants' responses appropriate, the Magistrate Judge found that the grounds for Defendants' objections were valid. Upon review, the Court agrees with the Magistrate Judge's assessment. In these interrogatories, Plaintiff is admittedly seeking information to contest a 1985 prison misconduct conviction (Dkt. No. 154 at 5) which is well beyond the statute for a § 1983 claim and is not the subject of this suit. Although the 1985 misconduct conviction may have played a role in Plaintiff's classification, he can not at this time challenge the validity of the misconduct conviction itself.

Plaintiff's sixth objection is that the Magistrate Judge ignored the portion of his motion requesting an order compelling defendants Schroder and Bergh to answer interrogatory questions 5 and 6. While it does appear that the Magistrate Judge's orders

4

overlooked this aspect of Plaintiff's motion, an examination of the responses show that Defendants Schroder and Bergh did adequately answer Plaintiff's questions.

Plaintiff's seventh objection is that the Magistrate erred with respect to Plaintiff's motion to compel Defendant Heinritz to provide a more complete answer to Plaintiff's interrogatory concerning what documents were relied upon when considering Plaintiff's level V status. The Magistrate Judge's opinion stated, "defendant Heinritz did not rely on any documents because she 'did not make a recommendation or approve a Level V departure.'" This quotation, however, appears to be taken from defendant Carberry's response, and not from that of Defendant Heinritz. (Dkt. No. 150, Ex. A ¶4.) In response to the interrogatory request for a list of documents, Defendant Heinritz responded "overall criminal history, misconduct history, Ad. Seg. reviews, hearing reports." (Dkt. No. 150, Ex. B ¶4.) Despite this error, it appears that Defendant Heinritz did in fact list documents in response to Plaintiff's interrogatory. The Magistrate Judge was correct in stating that Plaintiff "must accept defendant Heinritz's answer even if he feels it is a wrong or inaccurate one." (Dkt. No. 153.)

Plaintiff's eighth objection is to the Magistrate Judge's finding that defendants Haynie and Heinritz properly answered question number 7. Both of these defendants responded "unknown" to that interrogatory. Plaintiff argues that, if other Defendants are required to respond, so should Defendants Haynie and Heinritz. However, "unkown" is a response.

5

These particular defendants claim to possess no knowledge in relation to Plaintiff's question. Again, Plaintiff must accept this response even if he believes it to be inaccurate.

Plaintiff's ninth objection is to the Magistrate Judge's finding that Defendants Haynie, Carberry, and Heinritz properly objected to Plaintiff's request for the names of all conspirators involved in Plaintiff's 1985 conspiracy to escape misconduct. Again, it is clear that the aim of this interrogatory is to challenge the validity of the 1985 misconduct conviction, which is not the subject of this suit. Thus, Plaintiff's objection is without merit.

Finally, Plaintiff argues that the Magistrate Judge should have required Defendants to pay expenses incurred by Plaintiff in preparing his motion to compel. Plaintiff cites Rule 37(d)(3). However, this provision only requires sanctions where a party fails to act. There is no indication that Defendants failed to act in response to Plaintiff's interrogatories or requests for documents. In all cases, Defendants responded either with answers or objections with stated grounds.

The Magistrate Judge's order (Dkt. No. 152 at 2) will be reversed with respect to Plaintiff's interrogatory number 3, and Defendants shall provide Plaintiff with the requested information concerning prior employment-related civil litigation. In all other respects, the Magistrate Judge's orders (Dkt. Nos. 152, 153) will be affirmed.

Dated: June 2, 2011                         /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE