UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD JORDAN,

    Plaintiff,

File No. 2:08-cv-261

v.

HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**O P I N I O N**

On January 24, 2012, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment be denied. (Dkt. Nos. 236). The matter is now before the Court on Defendants' objection to the R&R. (Dkt. No. 245.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Defendants object to the Magistrate Judge's finding that Plaintiff met his burden of

establishing facts in support of his equal protection claim. Plaintiff's amended complaint lists fifty-seven prisoners with escape histories as similarly situated persons. (Dkt. No. 126 at ¶ 12.) Plaintiff alleges that Defendants treated him more harshly than these listed prisoners because he is African American.

The R&R accepted the uncontroverted information presented in Defendants' brief concerning the custody level history of the fifty-seven named prisoners. Defendants had no personal involvement with thirteen of the named prisoners. Twenty-one of the prisoners may not be used for comparison because their records have been destroyed, they are not identifiable by prison number, or they are not Caucasian. Of the remaining twenty-two, fourteen prisoners had their custody levels raised or remain unchanged, while eight had their custody level lowered.

The Magistrate Judge recommends that Defendants' motion be denied because the eight prisoners who had their custody level lowered created a genuine issue of material fact as to whether Plaintiff was treated differently on the basis of race. (Dkt. No. 236 at 16.) However, upon reviewing Defendants' objections and the evidence presented, the Court disagrees. Although eight of the Caucasian prisoners identified by Plaintiff had their custody level reduced, five of these were reduced down to the same level as Plaintiff, and two of the remaining three had their custody level raised before it was lowered. Additionally, the fourteen similarly situated prisoner's whose custody levels were raised supports Defendants' position.

Taken together, no reasonable jury could find that the custody level history of the twenty-two relevant prisoners listed in Plaintiff's amended complaint supports Plaintiff's equal protection claim. Although the Court is required to view the evidence in a light most favorable to Plaintiff, Plaintiff has done little more than offer a suggestion of racial motivation in his custody level determination. His attempt to support his allegation by comparison to similarly situated Caucasian prisoners fails, as a large majority of these prisoners had their custody level raised.

Summary judgment is also warranted given the extensive institutional history cited by Defendants as the reason for Plaintiff's custody level. Plaintiff's institutional history includes the murder of a fellow inmate in 1981, a major misconduct for conspiracy to escape (including the planned murder of two MDOC officers), substance abuse, sexual misconduct, creating a disturbance, inciting to riot, and a 2007 major misconduct for threatening behavior towards a corrections employee. (Dkt. No. 187 at 21.) Plaintiff makes no attempt to refute Defendants' contention that his extensive disciplinary history requires a high custody level, nor has Plaintiff shown that Defendants' reliance on his institutional history is a pretext for racial discrimination. An order consistent with this opinion will be entered.

Date:   March 30, 2012                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE